Case 2:20-cv-00291 Document 13 Filed on 01/28/21 in TXSD Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REZ CAPITAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-0291 |
| | § | |
| REDLINE BURGERS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND

Before the Court is the Motion to Remand (D.E. 3) filed by Red Line Burgers, Inc. and G. Charles Hatch (jointly Red Line), arguing that this Court lacks federal question subject matter jurisdiction and that Red Line should be awarded its attorney's fees for having to respond to the removal. For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART and the Court REMANDS the case.

## DISCUSSION

Plaintiff, Rez Capital, LLC (Rez) initiated this trademark dispute against Red Line in state court on June 24, 2020, alleging only state law claims. D.E. 1-1, p. 10. On July 20, 2020, Red Line filed its answer, including its own state law counterclaims against Rez. D.E. 1-1, p. 39. After evaluating evidence elicited through a temporary injunction hearing, Red Line filed its second amended counterclaim on October 27, 2020. D.E. 1-1, p. 564. For the first time, Red Line asserted multiple trademark-related claims against Rez under the Lanham Act, 15 U.S.C. § 1125. Red Line also joined Rez's principals, Damon Perez and Josette Perez (the Perezes), listing them as "Counterclaim Defendants"

and equally asserting its Lanham Act claims against them. On November 23, 2020, all three "Counter-Defendants" filed an answer to the second amended counterclaim. D.E. 1-1, p. 591.

Two days later, Rez removed the case to this Court, reciting federal question jurisdiction on the basis of the second amended counterclaim and further alleging that the federal courts have exclusive jurisdiction over Lanham Act claims. D.E. 1. Red Line counters, asserting that the second amended counterclaim does not support federal question jurisdiction because the federal claim is not part of the plaintiff's complaint under the well-pleaded complaint rule. Red Line also argues that trademark claims arising out of the Lanham Act are not among the claims over which federal courts exercise exclusive jurisdiction.

### A. The Removal, Standard of Review, and Burden of Proof

This case presents procedural peculiarities that have allowed the parties to brief the remand issue at cross-purposes. While the Court does not treat any procedural issue as dispositive, those issues must be untangled in order to show that the substantive jurisdictional issue, which is dispositive, is properly before the Court. As demonstrated below, Red Line did not waive any challenge to removal on the basis of the Perez's status as third-party defendants and, in any event, federal jurisdiction cannot be based on waiver or consent.

**Omissions from Notice of Removal**. According to the content of the notice, the Perezes did not participate in removal. D.E. 1. The notice of removal identifies only Rez as the removing party in both the introductory paragraph and the conclusion. D.E. 1.

There is no evidence or recitation of the Perezes' consent to removal. Even though they filed an answer to the second amended counterclaim in state court prior to removal (through the same counsel representing Rez), they are not listed as parties represented in the List of Attorneys (D.E. 1-2) and they are not included in the certificate of service (D.E. 1).

The Perezes made no appearance of being involved in the removal at any time during the 30 days in which the notice of removal may be filed. *See* 28 U.S.C. § 1446(b) (affording 30 days from removability to file the notice of removal). "Prior to the expiration of the 30-day period for removal, the defendants may freely amend the notice of removal. Thereafter, however, most cases indicate that defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated in the original notice." Charles A. Wright, Arthur R. Miller, Joan E. Steinman, Mary Kay Kane, and A. Benjamin Spencer, Federal Practice and Procedure § 3733 (4th ed. 2020) (footnotes omitted).

The response to the motion to remand was filed on behalf of both Rez and the Perezes. D.E. 7. In the response, they suggest that the removal was based on the third-party claim against the Perezes. The Perezes rely on their newly-joined status to treat the second amended counterclaim as initiating a civil action containing a federal question. D.E. 7, ¶ 3; 11, ¶ 1.

Neither Rez nor the Perezes offer any legal authority to support (1) the right to remove on behalf of an unnamed, unconsenting party or (2) explaining grounds for removal after the expiration of the removal deadline. Instead, they argue that any

objection to removal on these bases are procedural matters that were waived because they were not challenged in the motion to remand and the deadline for making procedural objections has passed.

**No Waiver of Objection to Omissions**.  While objections to procedural defects may be waived—and the failure to obtain the Perezes' consent is clearly a waived issue[1]—Rez did not state in its notice of removal that it was asking the Court to treat the second amended counterclaim as an initiating document.  Without such argument, there was nothing for Red Line to object to.  In fact, Rez and the Perezes may have waived the issue by not expressing it.  They cannot assert waiver of an issue they did not first clearly place in contention.

"Unquestionably, a party may implicitly waive its right to remove a case by failing timely to file a notice of removal."  *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (quoting *Buchner v. F.D.I.C.*, 981 F.2d 816, 818 (5th Cir. 1993).  And a basis for removal is waived if omitted from the notice.  28 U.S.C. § 1446(a) (requiring that the notice of removal include a statement of the grounds for federal jurisdiction); *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002) (liberal pleading requirement applied to notice of removal, but removal cannot be sustained on grounds not stated).

**Removal Jurisdiction and Federal Question Jurisdiction**.  Red Line concedes that it does not seek remand on any procedural basis.  D.E. 8, p. 4.  Instead, it argues that

---

[1] 28 U.S.C. § 1447(c); *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir.1990) (citing *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 581 (S.D. Tex. 2012)).

original federal question jurisdiction—a substantive issue—does not exist as to any party. In their sur-reply, Rez and the Perezes argue that Red Line is "untimely arguing a lack of removal jurisdiction and improperly calling [it] a failure of original subject matter jurisdiction." D.E. 11, p. 3. And because removal jurisdiction is procedural, any objection by Red Line was waived.

Rez and the Perezes seem to argue that it does not matter whether the substantive jurisdictional basis for removal was correct if procedural objections to removal were waived. In support of this argument, they cite two cases: *In re Digicon Marine, Inc.*, 966 F.2d 158 (5th Cir. 1992) and *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540 (5th Cir. 1991).

Both *Digicon* and *Baris* are based on the principal that removal jurisdiction is procedural and waivable. However, they both state that by "removal jurisdiction," they are speaking of the procedural right to remove as opposed to the substantive provisions for federal subject matter jurisdiction. In both cases, defects in the procedure by which the cases were removed were waived. However, the federal courts maintained subject matter jurisdiction because the causes of action were within the courts' admiralty and maritime jurisdiction—original jurisdiction. *Baris* cautions against conflating removal jurisdiction, which is procedural, with original subject matter jurisdiction. "The former is waivable, the latter is not." *Baris*, 932 F.2d at 1543-44 (citations omitted).

When objections to removal jurisdiction are waived, the party seeking remand loses the opportunity to argue that the court does not have to reach the substantive jurisdictional question—remand is necessary regardless of whether the court had substantive jurisdiction. Here, Red Line is asserting that even if removal was

procedurally proper and the Court has removal jurisdiction, the Court does not have original subject matter jurisdiction. And that requires remand.

This is consistent with the general rule that federal jurisdiction is not created by waiver or consent. *Cuevas*, 648 F.3d at 248. On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of significant federalism concerns. *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

Pursuant to 28 U.S.C. § 1331, this Court is clothed with subject matter jurisdiction if the action "arises under" federal law. The presence or absence of a federal question necessary to support removal is governed by the well-pleaded complaint rule under which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

### B. The Court Does Not Have Original Jurisdiction

Removal permits Rez and the Perezes an opportunity to show that the civil action brought in state court was one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). They assert two arguments for original jurisdiction: (1) federal question jurisdiction; and (2) exclusive jurisdiction under the Lanham Act. D.E. 1.

**Federal Question**. The statute governing federal question jurisdiction states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is well-established that federal question jurisdiction is determined using the well-pleaded complaint rule. According to the Supreme Court,

> Under our longstanding interpretation of the current statutory scheme, the question whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." A defense that raises a federal question is inadequate to confer federal jurisdiction. Since a defendant may remove a case only if the claim could have been brought in federal court, moreover, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint."

*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citations omitted). Rez and the Perezes have not addressed the well-pleaded complaint rule. *See* D.E. 7, 11.

Instead, they appear to argue—without benefit of authority—that the counterclaim may be treated as a "civil action" or "complaint" because it named third parties who had not yet been joined in the action. Because the second amended counterclaim stated new claims against new parties, it was equivalent to a new civil action for purposes of federal question jurisdiction and removal. The Supreme Court has foreclosed that argument.

The removal statute allows removal as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).  The language of the removal statute is consistent with the well-pleaded complaint rule in that the Supreme Court has construed "civil action" to mean the plaintiff's pleading and "the defendant or the defendants" to mean those who must respond to the plaintiff's pleading.  *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019).

Consequently, a counterclaim will not support removal.  "Considering the phrase 'the defendant or the defendants' in light of the structure of the statute and our precedent, we conclude that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim."  *Home Depot*, 139 S. Ct. at 1748.  Neither counter-defendants nor third-party defendants can remove on the basis of federal question jurisdiction because the Lanham Act claims are not contained in Rez's pleading—the "well-pleaded complaint" by which the "civil action" was commenced.

**Exclusive Jurisdiction**.  As an alternate argument, the notice of removal states without discussion that state courts do not have jurisdiction over the use of trademarks in interstate commerce as governed by the Lanham Act.  D.E. 1, p. 2 (citing 15 U.S.C. § 1051 *et seq*. and 28 U.S.C. § 1338).  The only provision of the Lanham Act that precludes state court jurisdiction states:

> No State or other jurisdiction of the United States or any political subdivision or any agency thereof may require alteration of a registered mark, or require that additional trademarks, service marks, trade names, or corporate names that may be associated with or incorporated into the registered mark be displayed in the mark in a manner differing from the display of such additional trademarks, service marks, trade

> names, or corporate names contemplated by the registered mark as exhibited in the certificate of registration issued by the United States Patent and Trademark Office.

15 U.S.C. § 1121(b). The claims in this action, on their face, do not fall within the scope of this provision.

Likewise, the alternative statute Rez cited, 28 U.S.C. § 1338, does not preclude the exercise of state court jurisdiction in this case. That provision includes the language, "No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." 28 U.S.C. § 1338(a). Trademark claims are not included.

> The preliminary question is to dispose of any possible contention that section 1338(a) of Title 28 provides for exclusive federal jurisdiction of trademark disputes. The construction of that provision makes plain that although patent, plant variety protection, and copyright claims do invest federal courts with exclusive jurisdiction, trademark claims do not.

*1st Nat. Reserve, L.C. v. Vaughan*, 931 F. Supp. 463, 465 (E.D. Tex. 1996). Red Line pointed this out in its motion, but Rez and the Perezes did not respond.

The Court rejects any argument that federal courts are granted exclusive jurisdiction over trademark infringement claims. The matter was not properly briefed, it fails to satisfy the well-pleaded complaint rule, and there is no exclusive jurisdiction.

**Supplemental Jurisdiction**. Because the Court does not have original jurisdiction to "anchor" the case, the Court need not and does not address any question of supplemental jurisdiction under 28 U.S.C. § 1367.

## CONCLUSION

Because Rez is not a defendant to the civil action (and neither are the Perezes), and because the federal question does not appear on the face of Rez's petition, this Court does not have original jurisdiction and, therefore, the removal was improper—even if procedural obstacles were waived. The motion is GRANTED IN PART with respect to the request for remand and DENIED IN PART with respect to the request for attorney's fees. This action is remanded to the 94th Judicial District Court of Nueces County, Texas, the state court from which it was removed.

ORDERED this 28th day of January, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE